HENDRY, Judge.
Appellant was the defendant below and appellees were the plaintiffs.
Appellant appeals a final judgment entered by the trial court on September 29, 1975, granting appellees’ motion for summary final judgment as to Count I of their complaint and denying appellant’s motion for summary judgment.
On December 17, 1973, appellees entered into an agreement to purchase a condominium unit from appellant. Paragraph six (6) of the purchase agreement provided that the “Seller estimates that the unit will be ready for title closing by the end of summer, 1974.”
Paragraph seven (7) of said purchase agreement provided that:
“In the event title does not close by the end of the period inserted in Paragraph 6 plus ninety days, Buyer shall have the right to rescind the transaction and procure the return of all payments made under this Agreement . . . Delays caused by acts of God, acts of governmental authorities, floods, hurricanes, strikes, labor conditions beyond Seller’s control, unavailability of materials, manpower or utilities, or any other causes not within Seller’s control shall be added to the ninety days referred to in the preceding sentence . . . ”
Due to various delays including strikes, material shortages and unavailability of utility service, there was no closing in the summer of 1974. On December 26, 1974, appellees demanded a return of their deposit money which had been given appellant at the time of the execution of the purchase agreement. Appellants, however, did not return said deposit to appellees.
Soon after, on January 13,1975, appellees were given notice that a closing would be held on January 30, 1975, however, that same day, appellees filed their two count complaint. Count I of appellees’ complaint alleged breach of contract by appellants in that the unit was not completed as scheduled. Count II of said complaint claimed that appellant’s refusal to refund the deposit was tantamount to a conversion of appel-lees’ money.
After appellant filed his answer, raising affirmative defenses, appellee filed his reply. Both sides then moved for summary judgment. Appellants filed supporting affidavits, while appellees relied upon appellant’s answers to interrogatories and admissions directed to appellees’ exhibits.
The trial court entered a final summary judgment for appellees on September 29, 1975. Appellants moved for a rehearing on November 4, 1975, which was denied. This appeal follows.
Appellant’s basic contention is that the trial court erred in granting appellees’ motion for final summary judgment in that there remained for determination, genuine issues of material fact left unresolved by the trial court.
To support its contention, appellant refers to an affidavit of a general contractor, which basically states that all delays encountered by appellant in attempting to complete the project were beyond appellant’s control. As such, the failure of appellants to timely close was excusable, as per paragraph seven (7) of the purchase agreement.
Appellees, however, contend that appellant had knowledge of those very same delays mentioned in the contractor’s affidavit and in fact reassured appellees that said delays would not effect the scheduled closing date. In support of that contention, appellees point to various exhibits, in the form of newspaper advertisements and promotional letters, which were introduced at trial. These exhibits, which were in fact mailed to appellees by appellant to reassure them of a timely completion date, stated that the delays planning other developments in the community would not affect the progress of appellant’s project and completion would be as scheduled. As such, *679 appellees claim that the delays were not a factor in the failure of appellant to close as scheduled and therefore, the closing date was not extended by events beyond appellant’s control and the delay was not excusable.
In light of the above allegations, plus others we need not mention, we must hold that there remained genuine issues of material fact left unresolved by the trial court. As such, it was error to grant appellees’ motion for summary judgment as to Count I of their complaint.
To cite authority for the above proposition would serve no real purpose as it is an elementary principle of law that a summary judgment cannot be granted when there remains genuine issues of material fact left unresolved; however, for purposes of reference see Fla.R.Civ.P. 1.510, Summary Judgment, 31 Fla.Stat.Ann. 48 (1967) and cases cited thereunder.
In light of our decision, we need not discuss appellant’s other points raised in its brief.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authority cited, the judgment appealed from is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded.